IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN HILL #127-525
        Petitioner        :

        v.        :  CIVIL ACTION NO. JFM-12-189

CHERYL HEILMAN[1]        :
        Respondent

**MEMORANDUM**

On January 18, 2012, Melvin Hill, confined at Spring Grove State Hospital Center ("Spring Grove"), a mental institution operated by the Maryland Department of Health and Mental Hygiene ("DHMH"), submitted a plethora of papers generously construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[2] Cheryl Heilman, Chief Executive Office at Spring Grove and Hills custody through counsel has responded to court order to show cause. ECF No. 6.

The response and supporting exhibits demonstrate that petitioner's commitment is proper in accordance with due process requirements and state law. On July 18, 2011, petitioner was charged with theft. On August 23, 2011, the District Court of Maryland for Baltimore City ordered a competency evaluation and ordered petitioner held at the Baltimore City Detention Center ("Detention Center") until completion of the evaluation. ECF No. 6, Exhibit 1 at 1-2. On September 9, 2011, petitioner was admitted to Spring Grove for additional evaluation to determine his competency to stand trial. *Id*., Exhibit 1 at 1. The evaluation led to a September 29, 2011, determination by the district court that petitioner was incompetent to stand trial. *Id*., Exhibits 2 and 3. That same day, the court released petitioner from commitment to the Detention Center but continued his commitment to DHMH. He continues to be treated at Spring Grove. The underlying criminal charges against petitioner are listed as "inactive" but remain pending.

---

[1] The Clerk shall amend the caption of this case to reflect that Cheryl Heilman is the sole party respondent, in accord with *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004).

[2] Petitioner has since filed a motion for default judgment (ECF No. 4) and a motion for appointment of counsel. ECF No. 5. No grounds exist for entry of default judgment. Although petitioner has been found incompetent by the State of Maryland, the facts of this case provide no basis for appointment of counsel under 28 U.S.C. § 1915(e)(1).

Maryland law provides a mechanism for determination of the competency of criminal defendants. *See* Md. Code Ann., Crim. Proc. Article, §§ 3-104 through 3-108. Once the issue of competency is raised, the court has the obligation to resolve it based "on evidence presented on the record," Md. Code Ann., Crim. Proc. § 3-104(a) (2008), and may order DHMH to examine the defendant and report its findings. *Id.* §§ 3-105(a), (d). If after a hearing the court determines, that a defendant is incompetent and dangerous to himself or the person or property of another, the court may commit the defendant to the Department for care and treatment. *Id.* § 3-106(b). DHMH must report to the court every six months, and the court must reassess annually the defendant's competency or the likelihood that competency will be restored. *Id.* §§ 3-106(c), 3-108.

This process, which provides adequate due process, has been followed here. The district court has scheduled a status conference in this matter for March 15, 2012. ECF No. 6, Exhibit 3. An annual review hearing also has been set for August of 2012. *Id.* Furthermore, petitioner has not contested his commitment by way of state habeas corpus proceedings[3] commenced under either Md. Code Ann. Cts & Jud. Proc. Article, § 3-702(a) or Md. Code Ann. Health General Article, § 10-804(a).

This court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quotation marks omitted). Petitioner does not satisfy this standard.

---

[3] Exhaustion under state habeas corpus provisions would be required before this court could fully consider the merits of a federal habeas corpus claim alleging improper commitment. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973).

Accordingly, a separate order shall be entered denying petitioner's pending motions, denying the petition and a certificate of appealability, and dismissing this case.

| | |
|---|---|
|  February 28, 2012   |     /s/                              |
| (Date) | J. Frederick Motz |
| | United States District Judge |